IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

KATIE LYNN RAZEY            )
                            )
   Plaintiff,              ) No. 14-23
                            )
V.                          )
                            )
CAROLYN W. COLVIN,          )
COMMISSIONER OF             )
SOCIAL SECURITY             )
                            )
   Defendant.              )

## SYNOPSIS

Plaintiff filed an application for disability benefits, alleging disability as the result of various mental impairments, beginning May 18, 2008. Her claim was denied initially, and upon hearing before an ALJ. Plaintiff now appeals the Commissioner's decision. For the following reason, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).   Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ improperly relied on a report by Dr. Fink, a psychologist; and that if the report was properly relied upon, the ALJ failed to incorporate into the Residual Functional Capacity ("RFC") all of the limitations found by Dr. Fink. Finally, Plaintiff argues that the ALJ failed to include the RFC's limitation in the hypothetical to the vocational expert ("VE").

First, Plaintiff asserts that the ALJ should not have relied on Dr. Fink's report, because it bears a typed signature and thus qualifies as "unsigned." Plaintiff proffers no authority to suggest that the typed signature renders the report inappropriate as evidence. To the contrary, electronic signatures are permissible. SSR 96-10p. Indeed, courts have referred to a physician's

"customary…electronic signature." McHenry v. Astrue, 2008 U.S. Dist. LEXIS 59908, at *22 (W.D. Pa. 2008). I find no error in this regard.

Next, Plaintiff contends that the ALJ erred in failing to include all of her limitations, as found by Dr. Fink, in the RFC. Dr. Fink found various moderate limitations, many of which the ALJ included in the hypothetical question that he posed to the vocational expert. Plaintiff, however, notes that the ALJ failed to include all of the limitations in the RFC. The ALJ, however, is not required to adopt a medical opinion wholesale; rather, the ALJ must consider the reports and weigh it along with the other evidence in the record. E.g., Alston v. Colvin, 2014 U.S. Dist. LEXIS 22325, at *20 (W.D. Va. Feb. 5, 2014). The ALJ did so in this case, as he considered Dr. Fink's opinion along with the records and opinions of Plaintiff's consulting examiner and treating psychiatrist, and other evidence of record. Accordingly, the ALJ did not err in refusing to adopt all of the limitations that Dr. Fink noted.

Finally, Plaintiff argues that the ALJ did not include the "low pace" limitation in his hypothetical to the VE, and that the jobs identified –dining room attendant and dish washer – are not low pace. The ALJ crafted an RFC with the only restriction being that she could perform only in a low pace setting. At the hearing, the following exchange occurred:

> ALJ: Assume a person with the claimant's vocational profile. Assume that person can perform simple, repetitive tasks on a consistent basis, has the ability to occasionally interact with coworkers, supervisors and the public. Has no exertional limitations. Is able to deal with ordinary changes in the work setting. And is able to perform work at a consistent pace. Let's start with that. Is such a person capable of performing any of the claimant's past work?
>
> A: Well, I would contradict – I mean under that hypothetical, yes, but if the clamaint's testified that for whatever reason that environment proved to be a little bit overwhelming, I would say that probably she could not do it up to expected standards.
>
> Q: Okay. Can you name any occupations that could be performed by such a hypothetical person?

3

>       A.      Yes. [Identifies dining room attendant and dishwasher/kitchen porter, and states DOT numbers 311.677-018 and 318.687-010].

I agree with Plaintiff that it is unclear, facially, whether the VE intended to address the ALJ's initial hypothetical, with no restrictions on pace, or instead intended to address the "hypothetical person" referred to immediately prior to the identification of jobs, which suggests pace limitations. Certainly, it would have been preferable for the ALJ to explicitly state a low or no-production-rate limitation in his question. However, due to the context, it appears that the VE's response was intended to address a limitation on pace.[1] Moreover, any error in the ALJ's question was harmless. Plaintiff does not argue that the identified jobs involve production pace, or point to any supporting information in the DOT; indeed, the DOT does not indicate that kitchen porter and dining room attendant are anything other than low- or no-production rate jobs. See, e.g., Upchurch v. Colvin, 2014 U.S. Dist. LEXIS 122044 (E.D.N.C. Aug. 12, 2014). Accordingly, the VE's conclusions, adopted by the ALJ reflected a "low pace" restriction.

## CONCLUSION

In conclusion, the ALJ's decision was supported by substantial evidence. The Defendant's Motion will be granted, and Plaintiff's denied.

---

[1] He stated, "Another job---and I would put this one forth because a dish washer itself sets the pace. That would be dish washer or kitchen porter. When I refer to that, I mean a dishwashing equipment that runs a specific cycle." He further noted that dining room attendant was appropriate, because "you're waiting for the table to be vacated and just clearing dishes and resetting the table." I note, too, that although the VE did not refer to a DOT title for cafeteria attendant, he did refer to DOT titles for kitchen porter and dining room attendant. In rejecting disability, the ALJ did not rely on cafeteria attendant positions.

**ORDER**

AND NOW, this 23rd day of September, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court